IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ABLE MORENO SANTOYO | § | |
| | § | |
| v. | § | Civil No. 1:19-cv-390 |
| | § | Criminal No. 1:16-cr-13(07) |
| UNITED STATES OF AMERICA | § | |

**GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION**

Able Moreno Santoyo has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 seeking relief through two claims of ineffective assistance of counsel. Both are without merit.

**Proceedings**

On February 3, 2016, a grand jury charged Santoyo with conspiracy to possess with the intent to distribute methamphetamine, 21 U.S.C. § 846.[1] Criminal ECF Doc. 2. Santoyo pleaded guilty pursuant to a written plea agreement. Criminal ECF Doc. 170. In it, the parties agreed that there were no role adjustments under U.S.S.G. §§ 3 B1.1 or 3B1.2. Criminal ECF Doc. 107 at 3(¶5).

The Court sentenced Santoyo to 262 months' imprisonment. Criminal ECF Doc. 172. Santoyo filed a pro se notice of appeal on October 16, 2017. Criminal ECF Doc 178. The Fifth Circuit docketed his case but dismissed the appeal for want of prosecution on December 7, 2017. Criminal ECF Doc. 195; 5CA docket number 17-41502. Santoyo

---

[1] Documents in criminal case No.1:16-cr-13(07) are referred to by "Criminal ECF" and document number. Documents in civil case No. 1:19-cv-390 are referred to by "2255 ECF" and document number.

**Response to Section 2255 Motion-Page 1**

filed the pending motion on August 29, 2019.  Criminal ECF Doc. 224; 2255 ECF Doc. 1.

## Section 2255 Legal Standards

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence.  It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).  It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).  After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

## Discussion

Santoyo claims (1) that his counsel failed to file a notice of appeal, and (2) that his counsel failed to file argue for a minor role adjustment under U.S.S.G. § 3B1.2.

**A.    Santoyo's claim that his counsel failed to file a notice of appeal is without merit.**

Santoyo claims he suffered prejudice from his attorney's alleged failure to file a notice of appeal under the Fifth Circuit's ruling in *United States v. Tapp*, 491 F.3d. 263 (5th Cir. 2007).  In *Tapp*, the Fifth Circuit held that the failure to file a requested notice of appeal is per se ineffective assistance of counsel, even where a defendant has waived his right to direct appeal and collateral review.  *Id*. at 264.

However, because Santoyo filed a timely pro se notice of appeal, he did not suffer any prejudice.  *See United States v. Smith*, 143 F. App'x 559, 561 (5th Cir. 2005)(the defendant could not show prejudice from his counsel's alleged failure to inform him of the 10-day period for filing a notice of appeal because he filed a timely pro se notice of appeal).  Moreover, under *Tapp* the remedy afforded to the defendant for his counsel's failure to file a notice of appeal was to be allowed to file an out-of-time notice appeal.  *Tapp*, 491 F.3d at 266.  This remedy is not available since Santoyo filed his timely notice of appeal.  Consequently, this claim is without merit.

**B.    Santoyo's claim that his attorney failed to file an objection to the presentence report is without merit.**

Santoyo claims that his counsel should have objected to the presentence report and argued for a minor-role adjustment under Amendment 794 to U.S.S.G. § 3B1.2.  2255 ECF Doc. 1 at 15.

As shown above, the parties agreed in the plea agreement that there were no adjustments under U.S.S.G. § 3B1.2.  Criminal ECF Doc. 107 at 3(¶5).  As a result, any objection on the part of counsel would have been frivolous and a breach of the plea agreement.  This claim is without merit.

**Response to Section 2255 Motion-Page 3**

### C. Santoyo's claim is time-barred.

Since, Santoyo's claim under *Tapp* is without merit, it is time-barred from collateral review. Section 2255 contains the following concerning the one-year statute of limitations for a motion pursuant to 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For the purpose of the one-year statute of limitations, a case is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *United States v. Thomas,* 203 F.3d 350, 352 (5th Cir. 2000) (The statute begins to run when the ninety-day period for filing a petition for writ of certiorari expires if the defendant does not seek a writ of certiorari from the Supreme Court). When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. *United*

**Response to Section 2255 Motion-Page 4**

*States v. Plascencia*, 537 F.3d 385, 388-89 (5th Cir 2008); *Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000).

Based on the above, Santoyo's case became final in February 7, 2018.  Therefore, the final day for Santoyo to file a Section 2255 motion was February 7, 2019.  Santoyo did not file his motion until August 29, 2019.  This is approximately 6 months' after the deadline for Santoyo to file a motion.  Consequently, his motion is time-barred from collateral review

## Conclusion

Santoyo's claims of ineffective assistance are counsel without merit, and his motion is rime-barred.  Therefore, the government respectfully urges the Court to dismiss his motion.

Respectfully submitted,

Joseph D. Brown
United States Attorney
Eastern District of Texas

/s/ *Michelle Englade*
Michelle Englade
Assistant United States Attorney
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538 Phone
(409) 839-2550 Fax

**Response to Section 2255 Motion-Page 5**

## Certificate of Service

On the 12th day of November, 2019, I certify that a true and correct copy of the government's response to motion was mailed from Beaumont, Texas, to: Abel Moreno Santoyo, pro se, # 21116-479, FCI,  PO Box 1010, Bastrop, TX 78602

/s/*Michelle Englade*
Michelle Englade