IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ABEL MORENO SANTOYO | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-390 |
| | | (1:16-CR-13) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Abel Moreno Santoyo, a federal prisoner currently confined at FCI Bastrop, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On February 3, 2016, a federal grand jury sitting in the Eastern District of Texas returned a two count indictment which named Movant and eight Co-Defendants. *United States v. Santoyo*, 1:16-CR-13, PSR., pg. 4 (Doc. # 149). Movant was named solely in Count 1 which charged that from on or about March 1, 2014, and continuing until on or about February 3, 2016, Movant and the eight Co-Defendants committed the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846. *Id*; *see also* Indictment (Doc. # 1). The Indictment contained a Notice of Intent to Seek Criminal Forfeiture in violation of 21 U.S.C. § 846. *Id*.

On May 16, 2017, Movant appeared before the undersigned and entered a plea of guilty to Count 1 of the Indictment pursuant to a written non-binding Plea Agreement. *Id*. The plea was conditionally accepted and sentencing was deferred pending the completion of a presentence

investigation and report. *Id.*

The Plea Agreement outlined the minimum and maximum penalties the court could impose and outlined the following guideline stipulations:

    a.    The base offense level is 38 pursuant to U.S.S.G. § 2D1.1.

    b.    The parties agree and stipulate that no role adjustment pursuant to U.S.S.G. §§ 3B1.1 or 3B1.2 apply to this defendant.

    c.    A reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction.

    d.    The parties also agree and stipulate that based on this negotiated plea agreement in this case, that no motions for departure other than a possible motion by the Government pursuant to U.S.S.G. § 5K1, will be requested or sought by either party and that neither party will seek a variance from the guidelines pursuant to 18 U.S.C. § 3553(a) other than the one addressed above.

Plea Agreement, pg. 3 (Doc. # 107). The Plea Agreement also contained the following waiver:

    12.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**:

Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

*Id.*, pg. 8.

On October 11, 2017, Movant was sentenced to a 262 month term of imprisonment, a 5 year term of supervised release, and a $100 special assessment. *Id.*, Judgment (Doc. # 172). On October 16, 2017, Movant filed a *Pro Se* Notice of Appeal (Doc. # 178). On December 7, 2017, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution (Doc. # 195).

The Motion

Movant filed the above-referenced motion to vacate, set aside or correct sentence on August 26, 2019 (Doc. # 1). Movant alleges ineffective assistance of counsel for failure to file a Notice of Appeal after Movant requested he do so despite the waiver provision. *Id*. Pg. 4. Movant states his attorney "declined to do so" and Movant then filed his own *Pro Se* Notice of Appeal. *Id*. Movant also alleges his trial counsel neglected to file any objections under Rule 32(f)(1) for a minor role adjustment or objections under U.S.S.G. § 2D1.(b)(5). *Id*.

Respondent was ordered to Show Cause on September 11, 2019 and filed a Response on November 12, 2019 (Doc. # 5). Respondent argues the motion to vacate, set aside, or correct sentence should be denied as (1) Movant cannot show prejudice as he timely filed a *Pro Se* Notice of Appeal, (2) any objection on the part of counsel relating to the presentence report would have been frivolous and in breach of the plea agreement, and (3) the motion to vacate, set aside, or correct sentence is time-barred.

Movant filed a Reply on December 2, 2019 (Doc. # 6). This Report and Recommendation considers the Government's Response and Movant's Reply.

Section 2255

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the

errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Beckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Analysis

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant

must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered [the proceeding] 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### 1. Notice of Appeal

As argued by Movant, under Supreme Court precedent, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professional unreasonable manner." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). And in such a case, "prejudice will be presumed." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484.

In the present case, however, the record conclusively shows that Movant was not deprived of an appeal and is not entitled to relief as Movant filed a Notice of Appeal within five days of entry of the Final Judgment. 1:16-CR-13 (Doc. # 178). Thus, no evidentiary hearing is necessary and there is no basis to apply the presumption of prejudice. *See United States v. Webster*, 392 F.3d 787, 802 (5th Cir. 2004) (A "federal habeas court must allow . . . an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief."). The record here demonstrates that the Fifth Circuit Court of Appeals docketed the appeal on October 23, 2017. *Id*. (Doc. # 179). On this day, the Fifth Circuit informed Movant that his appeal was docketed. *Id*. No. 17-41052. In addition, the Fifth Circuit informed Movant that before his appeal could proceed, he must take one of the following actions: (1) retain an appellate attorney; (2) file a motion for

5

appointment of counsel, and complete and return the enclosed CJA 23 financial affidavit with his motion; or (3) clearly and unequivocally express his intent to proceed *pro se* in writing. *Id*. Movant was given thirty (30) days to inform the Fifth Circuit Court of Appeals on how he wished to proceed. *Id*. Movant was admonished that failure to comply would result in dismissal of his appeal for failure to prosecute. *Id*. On November 1, 2017, Assistant United States Attorney Michelle Englade made an appearance for the United States. *Id*. Despite this clear admonition, Movant failed to respond to the Fifth Circuit. *Id*. Receiving no further correspondence from Movant, the Fifth Circuit dismissed the appeal for failure to comply with the Court's Notice on December 7, 2017. *Id*.

Under these facts, Movant cannot demonstrate his trial counsel's alleged ineffectiveness deprived him of an appeal he otherwise would have taken. In fact, the record affirmatively shows Movant received a direct appeal upon filing his *Pro Se* Notice of Appeal and the Fifth Circuit only dismissed the appeal when Movant failed to prosecute it. Movant's claim based on his trial counsel's alleged failure to file a direct appeal simply lacks merit. *See, e.g., Hignight v. United States*, 2019 WL 691796, at *3 (E.D. Tex. Jan. 22, 2019), *rec. accepted*, 2019 WL 688664 (E.D. Tex. Feb. 15, 2019) (denying § 2255 motion on grounds of ineffective assistance of counsel "since [movant] subsequently timely filed his own *pro se* notice of appeal, he cannot show prejudice by his attorney's failure to file a notice of appeal); *Tarabein v. United States*, 2021 WL 5167294, at *8 (S.D. Ala. Nov. 5, 2021) (holding that counsel's failure to timely file a notice of appeal did not deprive movant of an appeal where movant filed a *pro se* notice of appeal and the appellate court considered the appeal on the merits); *United States v. Smith*, 143 F. App'x 559, (5th Cir. 2005) (assuming counsel failed to inform Movant of the time limits for filing an appeal, Movant was not prejudiced because he timely filed a *pro se* notice of appeal).

**2. Failure to Object**

Movant next alleges his trial counsel neglected to file any objections under Rule 32(f)(1) for a minor role adjustment or objections under U.S.S.G. § 2D1.(b)(5). As outlined above, however, the plea agreement explicitly stated there was an agreement between the parties that there would be

6

no adjustments under U.S.S.G. § 3B1.1 or 3B1.2. Any objection on the part of trial counsel would have been in breach of the plea agreement and thus the argument would have been frivolous. Because counsel is not required to make frivolous objections, Movant cannot prove his counsel's performance was deficient or that he suffered prejudice from his counsel's failure to object. *Clark v. Colins*, 19 F.3d 959, 966 (5th Cir. 1994).

*Statute of Limitations*

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted as initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4). The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4). So, movant's statute of limitations began to run on the date on which his judgment of conviction became final. *See* § 2255(f)(1). Because Movant timely filed a notice of appeal, he is entitled to the benefit of the additional 90-days period even though his appeal was dismissed for want of prosecution. *United States v. Franks*, 397 F. App'x 95, (5th Cir. 2010) (not designated for publication) (citing *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000)). Thus, his conviction became final on March 19, 2018, when the 90-day period for filing a certiorari petition expired. *Id*. (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The final day for Movant to file his § 2255 motion to vacate, set aside, or correct sentence was March 19, 2019. Thus, Movant's

motion to vacate, set aside or correct sentence filed August 26, 2019[1] is approximately five months too late.  The motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 should be dismissed as time-barred.

## Recommendation

This motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto, Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 27th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge

---

[1] This is the date Movant declared under penalty of perjury that he placed his § 2255 motion in the prison mailing system.